IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREAT DIVIDE INSURANCE COMPANY, and NAUTILUS INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 22-CV-830-SMY<br>) |
| vs. | )<br>) |
| SAUGET SANITARY DEVELOPMENT AND RESEARCH ASSOCIATION, et al, | )<br>)<br>) |
| Defendants. | )<br>) |
| HARTFORD ACCIDENT & INDEMNITY COMPANY, | )<br>)<br>) |
| Intervenor Defendant, | )<br>) |
| and SAUGET SANITARY DEVELOPMENT AND RESEARCH ASSOCIATION, et al, | )<br>)<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| ILLINI ENVIRONMENTAL, INC., | )<br>) |
| Cross-Defendant. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Pending before the Court are the Amended Motion to Dismiss for Failure to State a Claim (Doc. 44) and Motion to Dismiss for Failure to State a Claim (Doc. 54) filed by Defendant Illini Environmental, Inc. ("Illini"). Illini moves to dismiss a breach of contract crossclaim filed by Defendant Sauget Sanitary Development & Research Association doing business as American Bottoms ("Sauget Sanitary") that was also asserted as a contractual subrogation crossclaim by its

Page **1** of **6**

insurer, intervenor Hartford Accident & Indemnity Company ("Hartford Accident"). Sauget Sanitary responded (Doc. 58) and Hartford Accident adopted this response its own (Doc. 57). For the following reasons, Illini's motions are **DENIED**.

## Procedural Background and Facts

This is a declaratory judgment action. Plaintiffs, two insurance companies whose primary insured is Illini, seek a declaration that they owe no obligation to defend or indemnify Sauget Sanitary as an additional insured in an underlying bodily injury lawsuit, *Jon Orelt v. Ameren Illinois Co., Sauget Sanitary Development & Research Association d/b/a American Bottoms,* No. 2020 L 0934 (Circuit Court for the Twentieth Judicial Circuit, St. Clair County*,* Illinois). In the Underlying lawsuit (Doc. 24-1), Defendant Jon Orelt alleges that he was an Illini employee on September 22, 2020. On that date, he was working at the Sauget Sanitary facility, otherwise known as the American Bottoms Regional Waste Water Treatment Facility. Orelt was assisting in the unloading of a tanker truck when he came into contact with overhead power lines and was electrocuted, thrown off the truck, and paralyzed.

Plaintiffs issued several insurance policies to Illini:

- Great Divide issued Illini Business Auto policy number BAP2023903-13 for the time period of September 12, 2020 to September 12, 2021;
- Nautilus issued Commercial General Liability policy number ECP2023902-13 to Illini for the same time period;
- Nautilus also issued Follow Form Excess policy number FFX2023918-13 for the same time period.

(Doc. 1).

Under these insurance policies, Sauget Sanitary qualified as an additional insured only if Illini and Sauget Sanitary entered into a valid contract for Illini to provide additional insured coverage to Sauget Sanitary.  The alleged contract is attached to the Complaint and is between Illini and the "Village of Sauget d/b/a the American Bottoms Regional Wastewater Treatment Facility" (Doc. 1-6), but it is signed by Sauget Sanitary's executive director.

Sauget Sanitary filed an Answer and Crossclaim against Illini for breach of contract for failing to procure additional insured coverage for the underlying lawsuit (Doc. 24, p. 35). Hartford Accident intervened in the instant case, asserting that they were defending Sauget Sanitary in the underlying lawsuit as their primary insurer (Doc. 27).  Hartford filed an Answer and Crossclaim against Illini for contractual subrogation, alleging the insurance policy it issued to its insured, Sauget Sanitary, provided for subrogation and that Illini had breached its contract with Sauget Sanitary to procure additional insured coverage (Doc. 38).

Defendant Illini moves to dismiss the crossclaim for contractual subrogation pursuant to Federal Rule of Civil Procedure 12(b)(6), because Sauget Sanitary is not a party to the contract between Illini and "Village of Sauget d/b/a the American Bottoms Regional Wastewater Treatment Facility."[1]  Specifically, Illini asserts there is no contract between them and Sauget Sanitary and therefore, no obligation to provide additional insured coverage.  Separately, Illini argues that 625 ILCS 5/8c-4105 voids any contract as against public policy.  Illini raises these same arguments in their motion to dismiss the contractual subrogation crossclaim by Hartford Accident.  In opposition, Sauget Sanitary argues that the contract is ambiguous and requires extrinsic evidence

---

[1] Given that Hartford Accident is Sauget Sanitary's insurer and their crossclaim against Illini for contractual subrogation encompasses and is duplicative of Sauget Sanitary's crossclaim against for breach of contract, this Court will conduct an analysis of the contractual subrogation crossclaim as that analysis is applicable to both crossclaims.

to be interpreted, that it is alternatively a third-party beneficiary of the contract, and that 625 ILCS 5/8c-4105 is inapplicable.

## Discussion

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the Complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Documents attached to the Complaint and central to the claims can be considered as part of the complaint itself. *Arnett v. Webster,* 658 F.3d 742, 746 (7th Cir. 2011).

Hartford Accident's Crossclaim for contractual subrogation has two legal elements: (1) a valid insurance policy that allows it to subrogate into the interests of its insured; and, if so, (2) a breach of contract between its subrogee, its insured, and a third-party. In Illinois, subrogation rights may arise from an express or implied agreement ("contractual" subrogation) or may be grounded in equity and applied as a matter of law. *Am. Nat'l Bank & Trust Co. of Chi. v. Weyerhaeuser Co.,* 692 F.2d 455, 460 & n.12 (7th Cir. 1982).

In Illinois, subrogation clauses in insurance contracts generally are enforceable. *In re Estate of Scott,* 567 N.E.2d 605, 606-607 (Ill. App. Ct. 1991). When an insurance policy includes an enforceable subrogation clause, the right of an insurer must be measured by, and depend solely on, the terms of such provisions. *Spirek v. State Farm Mut. Automobile Ins. Co.,* 382 N.E.2d 111, 117-118 (Ill. App. Ct. 1978). Hartford's allegations that it is a subrogor to the insured's rights against others, is sufficient to state a contractual subrogation right.

To state a claim for breach of contract under Illinois law, a plaintiff must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC,* 931

F.3d 610, 614 (7th Cir. 2019). Here, Hartford alleges that "Illini contracted to defend and indemnify SSDRA for the underlying case and procure insurance for SSDRA for the underlying case [but failed to do so]" (Doc. 38, p. 37 at ¶ 72). This is sufficient to state a viable breach of contract claim.[2]

Relatedly, the parties dispute whether the contract is actually between Sauget Sanitary and Illini. While this Court has the discretion to analyze a limited class of documents when deciding a motion to dismiss, the parties urge this Court to improperly engage in substantive contract interpretation at the pleading stage. See, *General Insurance Co. of America v. Clark Mall Corp.,* 644 F.3d 375, 378 (7th Cir. 2011).

Separately, Illini asserts that the contract is void as it violates 625 ILCS 5/8c-4105, an anti-indemnity statute that provides in relevant part:

> Notwithstanding any other provision of law, a provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract that purports to indemnify, defend or hold harmless, or has the effect of indemnifying, defending or holding harmless, the promisee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the promisee is against the public policy of this State and is void and unenforceable.

625 ILCS 5/8c-4105(a).

However, based on the pleadings, this statute is inapplicable as Sauget Sanitary and Hartford Accident are seeking coverage under an insurance policy, not indemnification. *Zettel v. Paschen Contractors, Inc.,* 427 N.E.2d 189, 191-192 (Ill. App. Ct. 1981) (discussing the differences between indemnity and coverage and noting that "under an indemnity agreement, the promisor agrees to assume all responsibility and liability for any injuries or damages [but] under an

---

[2] For the same reasons, Sauget Sanitary's crossclaim against Illini for breach of contract survives the motion to dismiss as well (Doc. 24, ¶¶ 47-54).

agreement to obtain insurance the promisor merely agrees to procure the insurance and pay the premium on it"). The motion is therefore denied on this point.

## Conclusion

For the foregoing reasons, Defendant Illini's Amended Motion to Dismiss for Failure to State a Claim (Doc. 44) and the Motion to Dismiss for Failure to State a Claim (Doc. 54) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 28, 2023**

**STACI M. YANDLE**
**United States District Judge**